IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JERRY SLUSSER                                                                                      PLAINTIFF

v.                               NO. 3:14-cv-00232 PSH

CAROLYN W. COLVIN, Acting Commissioner                              DEFENDANT
of the Social Security Administration

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Slusser ("Slusser") commenced the case at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner"), a decision based upon findings made by an Administrative Law Judge ("ALJ").

Slusser maintains that the ALJ's findings are not supported by substantial evidence on the record as a whole and offers what he characterizes as two "narrow" reasons why.[1] See Pleading 11 at 8. Slusser maintains, in part, that his residual functional capacity was not properly assessed. He maintains that he has manipulative limitations in the form of difficulty handling and fingering, and the ALJ erred when he failed to incorporate the limitations into the assessment of Slusser's residual functional capacity.

---

[1] The question for the Court is whether the ALJ's findings are supported by substantial evidence on the record as a whole. "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." See Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011).

The medical evidence relevant to Slusser's manipulative limitations reflects that in November of 2011, Dr. Phuoc Le, M.D. ("Le") saw Slusser for an independent medical evaluation. See Transcript at 411-417. Le recorded one of Slusser's complaints as "hand arthritis" and recorded the following representations about his impairment:

> Claimant reports that he experienced progressive development of pain in the finger joints and wrists associated with swelling and morning stiffness for at least 10 years. The pain is constant, dull, 7 to 8 out of 10 in intensity on a visual analog scale. It is worse on cold rainy days. He has trouble[] with grasping objects. He never had X-rays of his hands and he has not yet been evaluated by a rheumatologist before. He was never tried on corticosteroids, Methotrexate or other disease-modifying anti-rheumatic biological agents. He takes no pain medications at this time.

See Transcript at 412-413. A physical examination of Slusser's musculoskeletal system revealed, inter alia, that his wrists and fingers had signs of "synovial thickening over the [metacarpophalangeal], [distal interphalangeal], and [proximal interphalangeal] joints with tenderness." See Transcript at 416. A squeeze test was positive for metacarpophalangeal tenderness bilaterally. Radial and ulnar pulses were three plus bilaterally, but Tinel and Phalen's testing was negative. A neurological examination revealed, inter alia, that Slusser's hand grip strength was approximately ninety percent bilaterally, his motor strength was 5/5 throughout, and the fine motor movements in his hands were normal. Le assessed, inter alia, "polyarticular arthritis," see Transcript at 417, which the Court understands to be a type of rheumatoid arthritis that causes swelling and pain in joints.

Le also completed a medical source statement of Slusser's ability to perform work-related physical activities. See Transcript at 403-408. Le opined, inter alia, that Slusser's impairments affect his ability to handle and finger. Le did not, though, offer an opinion as to the severity of Slusser's handling and fingering limitations.

In April of 2012, Dr. Lewis Cylus, M.D. ("Cylus") reviewed Slusser's medical records and offered an assessment of his residual functional capacity. See Transcript at 552-559. Cylus found that Slusser has manipulative limitations, specifically, a limited ability to handle and finger. Cylus accompanied that finding with the following notation: "frequent but not continuous bilateral handling and fingering - synovial thickening/arthritis with good strength." See Transcript at 555. Cylus based his opinion, in part, on the findings made by Le. Cylus observed that Le's evaluation was "reasonable." See Transcript at 558.

Slusser filed for supplemental security income payments in August of 2011. In the documents accompanying his request, he alleged that he was disabled, in part, because of "arthritis." See Transcript at 221. At the subsequent administrative hearing, though, he made no mention of a limited ability to handle and finger. See Transcript at 52-84.

In assessing Slusser's residual functional capacity, the ALJ acknowledged Le's opinions. The ALJ only gave Le's opinions "some weight," noting that "[t]he report of a consultative physician who examined the claimant once does not constitute 'substantial' evidence on the record as a whole, especially when contradicted by other portions of the record." See Transcript at 41.

The ALJ also acknowledged Cylus' opinions in assessing Slusser's residual functional

capacity. The ALJ gave Cylus' opinions "some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions ..." See Transcript at 42.[2]

The ALJ is required to assess the claimant's residual functional capacity, which is a determination of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004). The assessment is made using all of the relevant evidence in the record, but the assessment must be supported by some medical evidence. See Wildman v. Astrue, 596 F.3d 959 (8th Cir. 2010).

The ALJ assessed Slusser's residual functional capacity and found that he is capable of performing a reduced range of medium work. The ALJ did not incorporate a manipulative limitation into the assessment. The question for the Court is whether substantial evidence on the record as a whole supports the assessment. Although Slusser bears the burden of proving his residual functional capacity, see Cox v. Astrue, 495 F.3d 614 (8th Cir. 2007), there must be some medical evidence to support the ALJ's finding. On the record now before the Court, it cannot be said that the assessment of Slusser's residual functional capacity is supported by some medical evidence.

Le and Cylus' opinions as to Slusser's manipulative limitations are consistent with

---

[2] In assessing Slusser's residual functional capacity, the ALJ also acknowledged the findings of Colleen Pickens ("Pickens"). The ALJ noted that Pickens found Slusser could perform work at the light exertional level with some "postural, manipulative, communicative, and environmental limitations." See Transcript at 41. It appears that Pickens was a single decision maker who offered her findings in connection with Slusser's prior claim for benefits. See Transcript at 86-102. The Court has given Pickens' findings no consideration in deciding this case.

one another and support the proposition that Slusser has manipulative limitations. The ALJ accorded the opinions "some weight" but found that "other portions of the record" and "other reasons" contradict their opinions. The ALJ failed, though, to specifically identify the "other portions of the record" and the "other reasons" that contradict Le and Cylus' opinions. A fair reading of the ALJ's decision suggests that his refusal to incorporate manipulative limitations into the assessment of Slusser's residual functional capacity was made simply on the basis of the ALJ's interpretation of the medical evidence. The ALJ cannot draw his own inferences about an impairment from the evidence in the record. See Shontos v. Barnhart, 328 F.3d 418 (8th Cir. 2003) (ALJ cannot draw own inferences from record). Instead, the assessment must be supported by medical evidence, and the Court cannot tell what evidence the ALJ relied upon in refusing to incorporate manipulative limitations into the assessment.[3]

It is for the foregoing reasons that substantial evidence on the record as a whole does not support the ALJ's assessment of Slusser's residual functional capacity. A remand is therefore necessary. Upon remand, the ALJ shall re-assess whether Slusser has manipulative limitations. As a part of doing so, the ALJ shall re-evaluate the medical evidence and, if necessary, send Slusser for a consultative examination.

The Commissioner's decision is reversed, and this case is remanded. The remand

---

[3] The ALJ found that Slusser is capable of performing his past relevant work as a sewing machine operator and/or truck driver. See Transcript at 42. It is important to determine whether Slusser has manipulative limitations because it is not clear whether his work as a sewing machine operator and/or truck driver requires the ability to perform manipulative activities.

in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991). Judgment will be entered for Slusser.

IT IS SO ORDERED this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE